UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DIANE ALEXANDER,** | ) | **Case No. 1:11 CV 2807** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | *SUA SPONTE* |
| | ) | ORDER OF REMAND |
| **SHUREE JEFFERSON,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro Se* Defendant Shuree Jefferson removed this action to federal court on December 29, 2011. For the following reasons, the Court summarily remands this case *sua sponte*.

**I.**

On July 12, 2011, Plaintiff Diane Alexander filed a "Complaint in Forcible Entry and Detainer" in the Bedford Municipal Court, Cuyahoga County, Ohio, under Case No. 11CVG03293. (Doc #: 1-1.) Therein, Alexander alleges that she owns the property located at 7520 Pinecrest Lane in Glenwillow, Ohio. (Id. ¶ 2.) Pursuant to a written lease agreement executed on October 1, 2006, Defendant Shuree Jefferson agreed to rent Alexander's property for $2700.00 per month. (Id. ¶ 3 and Ex. A.) Jefferson presumably stopped making her monthly rent payments beginning May 2011, and has unlawfully maintained possession of the property despite Alexander's demand that she leave. (Id.) Accordingly, Alexander seeks Jefferson's eviction and restitution. (Id. at 2.)

On December 29, 2011, Shuree Jefferson, representing herself, removed the complaint to federal court based purportedly on the presence of a federal question (i.e., "violation of the Uniform Commercial Code and 15 U.S.C. § 1692,[1] Rule 60 of the Federal Rule of Civil Procedure"). (Doc #: 1-1. at 1) Jefferson seeks a federal stay of execution of eviction. (Id.)

**II.**

Pursuant to 28 U.S.C. § 1446(c)(4), a district court must promptly examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. Id. See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") The party seeking removal carries the burden of demonstrating that federal court has original subject matter jurisdiction over the complaint. *Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, removal jurisdiction must be strictly construed and any doubts resolved against removal. *Smith v. Nationwide Prop. and Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citations omitted). A federal court may remand a case *sua sponte* where the allegations of the complaint are insufficient to confer subject matter jurisdiction on the district court. *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 Fed. Appx. 813, 817 (6th Cir. 2004) (citing *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992)).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

---

[1] 15 U.S.C. § 1692 is actually the Fair Debt Collection Practices Act ("FDCPA").

place where such action is pending." Id. Jefferson asserts that the Court has original jurisdiction over the complaint based on the presence of a federal question. Under the federal question statute, "district courts have original jurisdiction of all civil actions arising under the Constitutional, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether an action 'arises under the Constitution, laws or treaties of the United States,' the Court must apply the "well-pleaded complaint rule". *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9-20 (1983). Under that rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392 ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Potential defenses involving the Constitution or laws of the United States are generally ignored. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). And counterclaims cannot serve as a basis for 'arising under' jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002).

### III.

No federal statute or constitutional violation is alleged in the purely state-law complaint. At most, Jefferson's assertion that the state proceedings are occurring in violation of the Uniform Commercial Code and 15 U.S.C. § 1692 and Rule 60 is a defense or counterclaim involving federal law. As discussed above, however, a case may not be removed to federal court when the basis for removal is a federal defense, *see Caterpillar*, 482 U.S. at 393, or a federal counterclaim, *see Holmes*, 535 U.S. at 831. Absent a federal question presented on the face of the plaintiff's

well-pleaded complaint, Jefferson cannot properly remove the action on the basis of federal question jurisdiction. *Caterpillar*, 482 U.S. at 393. Indeed, federal courts have uniformly remanded similar state court cases where defendants facing dispossession or eviction asserted, as a basis for removal, the violation of the Uniform Commercial Code, 15 U.S.C. § 1692 and Federal Civil Rule 60. *HBC Mort. Serve., Inc. v. Cunningham*, No. 1:07-cv-2480-W.D.-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007); *Wachovia Morag. Assoc. v. Lee*, No. 1:11-cv-304-TWO-RGV, 2011 WL 976629 (N.D. Ga. Feb. 4, 2011); *Amadocoe v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-CV-3176-TWT-ECS, 2011 WL 6714531 (N.D. Ga. Nov. 2, 2011); *OneWest Bank FSB v. Neely*, No. EDCV 10-00324 VAP, 2010 WL 1233406 (C.D. Cal. Mar. 22, 2010); *Universal Mortg. Corp. v. Adams*, No. 09-cv-106-slc, 2009 WL 560028 (W.D. Wis. Mar. 5, 2009). Because the Court lacks original jurisdiction over the case, removal was improper and remand is in order.

There is another basis for *sua sponte* remand. Notice of removal of a civil action must be filed within 30 days after the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). The public docket of the Bedford Municipal Court in this case shows that service of the complaint was perfected on Shuree Jefferson, via bailiff, on July 13, 2011.[2] Thus, the last day for Jefferson to timely remove the case was August 12, 2011. Because Jefferson removed this case more than four months after the deadline for removal, the case must be remanded.

---

[2]See http://www.bedfordmuni.org/civildocketentry.asp?id=3196847&cid=93155.

**III.**

Because the Court lacks original jurisdiction over the complaint and removal was untimely, removal was improper and the Court orders *sua sponte* remand of the case.

The Clerk of Court is hereby **DIRECTED** to remand the case to the Bedford Municipal Court.

**IT IS SO ORDERED.**

                                      */s/ Dan A. Polster     January 4, 2012*
                                      **Dan Aaron Polster**
                                      **United States District Judge**